UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN NATHANIEL MURRAY,
                         Plaintiff,

                       -v-

BRAG SALES INC., d/b/a UNEEDA
ENTERPRISES, and BRADLEY J.
GRUBER,
                       Defendants.

23-CV-6610 (JPO)

MEMORANDUM AND ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Jonathan Nathaniel Murray, proceeding *pro se*, brought this employment discrimination action against Defendants Brag Sales Inc., d/b/a Uneeda Enterprises ("Uneeda"), and Bradley J. Gruber, asserting claims under federal, state, and local law. The Court granted Defendants' motion to dismiss Murray's New York City Human Rights Law ("NYCHRL") claim, but denied the motion to dismiss all other claims. *Murray v. Brag Sales Inc.*, No. 23-CV-6610, 2024 WL 3952649 (S.D.N.Y. Aug. 27, 2024). Before the Court is Murray's motion for reconsideration of the dismissal of his NYCHRL claim. For the reasons that follow, Murray's motion for reconsideration is denied.

**I.    Background**

      The Court assumes familiarity with the facts and procedural history of this case. *See id.* at *1-2. On August 27, 2024, the Court granted Defendants' motion to dismiss Murray's NYCHRL claim, because he failed to allege that "any discriminatory conduct had an impact within New York City." *Id.* at *5. On September 8, 2024, Murray filed a "motion to review new evidence / proof [that] Plaintiff lived in New York City." (ECF No. 31 (capitalization altered).) He declares that "[b]efore and during the plaintiff['s] time at Uneeda Enterprises, plaintiff lived

in New York City" and attaches a photo of his driver's license listing a New York City address. (ECF No. 32 at 2-3.) The Court treats Murray's submission as a motion to reconsider the decision dismissing his NYCHRL claim. On September 12, 2024, Defendants filed an opposition to Murray's motion. (ECF No. 34.)

II.     **Legal Standard**

To prevail in a motion for reconsideration, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). A motion for reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). At the same time, "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quotation marks omitted).

III.    **Discussion**

Although "a party may not advance new facts, issues or arguments not previously presented to the Court" in a motion for reconsideration, *Steinberg v. Elkman*, No. 15-CV-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)), Murray's submission alerted the Court to relevant allegations in his original filings that the Court had previously overlooked. As an exhibit to his complaint, Murray attached a Charge of Discrimination form that he filed with the Equal Employment Opportunity Commission ("EEOC") on July 20, 2020, where he indicated his

address as "9130 43rd Ave Apt 1, Elmhurst, NY 11373"—an address in New York City. (ECF No. 1-1 at 3 (capitalization altered).) Murray's opposition to the motion to dismiss[1] further included an EEOC decision letter that listed the same Elmhurst address under his name. (ECF No. 23 at 10.) Also in his opposition papers, Murray showed that during his medical leave beginning October 15, 2019—which precipitated the alleged disability discrimination—he was admitted to Elmhurst Hospital Center, located at 79-01 Broadway, Elmhurst, NY 11373. (*Id.* at 15.) Construing these submissions liberally in favor of the *pro se* litigant, the Court concludes that Murray has adequately alleged that he *lived* in New York City during the relevant period of his employment at Uneeda. However, Murray also alleges that he *worked* for Uneeda in Garden City, New York, located outside of New York City. (ECF No. 1 at 3.)

Residence in New York City alone does not place a plaintiff under the NYCHRL's protection if he worked and experienced discrimination outside of the City. "Although the statute does not directly define the geographic scope of its coverage, New York courts have interpreted the NYCHRL as limiting the applicability of its protections to preventing discrimination within the City." *Rinaldi v. Nice, Ltd.*, No. 19-CV-424, 2021 WL 827767, *8 (S.D.N.Y. Mar. 4, 2021), *aff'd sub nom. Rinaldi v. Mills*, No. 21-2630, 2022 WL 17480081 (2d Cir. Dec. 7, 2022) (citing *Levy v. City Comm'n on Hum. Rts.*, 85 N.Y.2d 740, 743 (1995) ("The Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York.")). The New York Court of Appeals has held that, to invoke the NYCHRL, a

---

[1] "A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013). To the extent that the new factual allegations raised in Murray's opposition papers are consistent with his complaint, the Court treats them "as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018).

"nonresident plaintiff must demonstrate that the alleged discriminatory conduct had an 'impact' within the city." *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 289 (2010). The *Hoffman* court understood this "impact requirement" to "confine[] the protections of the NYCHRL to those who are meant to be protected—those who *work* in the city."[2] *Id.* at 291 (emphasis added). Although *Hoffman* did not directly address resident plaintiffs, it cited approvingly cases that held, without reference to the plaintiff's residence, that the NYCHRL applies only if the *discriminatory act* took place in New York City. *See id.* at 290 (citing *Shah v. Wilco Sys., Inc.*, 27 A.D.3d 169, 175 (1st Dep't 2005) ("[A]pplicability of the NYCHRL is limited to acts occurring within the boundaries of New York City."), and *Duffy v. Drake Beam Morin*, No. 96-CV-5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998) ("[B]oth New York State law and the New York City Administrative Code limit the applicability of the City Human Rights Law to acts occurring within the boundaries of New York City.")).

Following *Hoffman*, many state and federal courts have concluded that the NYCHRL does not apply to plaintiffs whose only connection to the City is residence, but who worked— and thus suffered the alleged discrimination—outside of the City. The New York Appellate Division held that the NYCHRL "do[es] not apply to acts of discrimination against New York residents committed outside [its] boundaries by foreign defendants." *Hardwick v. Auriemma*, 116 A.D.3d 465, 466 (1st Dep't 2014). Similarly, districts courts applying *Hoffman* have consistently rejected NYCHRL claims brought by City residents who worked elsewhere, holding that "the location of the plaintiff's workplace is where the impact of discriminatory conduct

---

[2] Subsequently, *Syeed v. Bloomberg L.P.* extended the NYCHRL's protection to "nonresidents who proactively sought an actual New York City-[]based job opportunity." 41 N.Y.3d 446, 452 (2024). While this expanded the meaning of "those who work in the city," *Hoffman*, 15 N.Y.3d at 291, *Syeed* still required that the workplace in question—or the locus of discrimination—be located in the City.

occurred." *Rinaldi v. Nice, Ltd.*, 2021 WL 827767, at *8; *see also Huan Wang v. Air China Ltd.*, No. 17-CV-6662, 2020 WL 1140458, *18 (E.D.N.Y. Mar. 9, 2020) ("[T]he relevant location for purposes of the impact analysis is Plaintiff's place of employment, not her residence."); *Robles v. Cox & Co.*, 841 F. Supp. 2d 615, 624 (E.D.N.Y. 2012) ("[A] plaintiff's residence is irrelevant to the impact analysis." (quotation marks omitted)); *McKinney v. Tanner*, No. 18-CV-10548, 2019 WL 3067116, at *2 (S.D.N.Y. July 12, 2019) (same); *Kearse v. ATC Healthcare Servs.*, No. 12-CV-233, 2013 WL 1496951, *2 (S.D.N.Y. Apr. 8, 2013) (same). These courts reasoned that "the same rationale [as in *Hoffman*]—limiting the scope of the NYCHRL to cases where the discriminatory *conduct* had its impact within the City—is equally applicable to claims brought by City residents because to hold otherwise would create the same inconsistent and arbitrary results that the *Hoffman* court was trying to avoid, i.e., the possibility of holding an employer liable under the NYCHRL based solely on its employees' chosen residence." *Mejia v. White Plains Self Storage Corp.*, No. 18-CV-12189, 2020 WL 247995, *4 (S.D.N.Y. Jan. 16, 2020) (cleaned up) (collecting cases).

      Here, Murray does not dispute that he worked for Uneeda in its Garden City office, outside of New York City. (ECF No. 1 at 3.) He alleges that Uneeda discriminated against him by failing to accommodate his disability, creating a hostile work environment, and firing him from the job (*id.* at 5)—all of which are acts that would occur at the workplace. Murray alleges, for example, that a supervisor yelled in his face when he was "sweep[ing] the warehouse" and then "fire[d] [him] on the spot." (ECF No. 1-1 at 1.) Under these circumstances, the bare fact that Murray lived in New York City during the time period of his employment at Uneeda cannot bring him within the protection of the NYCHRL. Because the alleged discriminatory acts took

5

place in Garden City, where Murray worked, and not in New York City, Murray's NYCHRL claim was properly dismissed.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 31.

SO ORDERED.

Dated: October 31, 2024
       New York, New York

_____
J. PAUL OETKEN
United States District Judge