UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN NATHANIEL MURRAY

                              Plaintiff,

  -against-

BRAG SALES INC., D/B/A UNEEDA
ENTERPRISES, AND BRADLEY J. GRUBER,

                             Defendants.

Case No.: 23-cv-06610-JPO

**REPORT OF RULE 26(f) CONFERENCE AND PROPOSED CASE MANAGEMENT PLAN BY DEFENDANTS**

---

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Figueredo's Individual Practices, Defendants submit the following report for the Court's consideration:

1. **Court Expectations**:

   **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

   **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

   **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

   **Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

**Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Figueredo's Individual Practices Page.**

**Counsel represent by their signature below that they have read and will comply with the above.**

2. **Summary of Claims, Defenses, and Relevant Issues:**

Defendant(s): Defendants did not discriminate or retaliate against Plaintiff in violation of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act ("Title VII"). Indeed, Defendants did not even know that Plaintiff had diabetes. Mr. Murray worked for Uneeda, as a Delivery Driver/Warehouse Worker, from December 2018 to December 2019. In his brief time at Uneeda, Mr. Murray had a history of insubordination, regularly getting into fiery disputes with his supervisor, Carlos Trastoy. On one occasion, on or about December 9, 2019, Mr. Murray arrived at the warehouse in a particularly venomous mood. Mr. Trastoy pulled him aside and asked him what was going on. In response, Mr. Murray raised his voice and said, "I don't have to tell you shit." He then proceeded to scream and rant at Mr. Trastoy in full view of Uneeda's other employees. Fed up with Mr. Murray's verbal abuse, Mr. Trastoy told him to "go home." Later that day, Uneeda's owner and Defendant – Brad Gruber - called Mr. Murray and asked him for his version of the events. The conversation concluded with Brad telling Mr. Murray that he needed to treat Mr. Trastoy with respect, that he can't speak to his supervisor that way, and that he should call Mr. Trastoy to work it out. Both Mr. Gruber and Mr. Trastoy expected Mr. Murray would call, but he never did so. Further, Mr. Murray never showed up for work again, effectively resigning from his position at Uneeda.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

There are no disputes as to this Court's Subject Matter Jurisdiction

4. **Subjects on Which Discovery May Be Needed:**

Defendant(s): Plaintiff's disclosure of his diabetes, post-resignation employment, emotional distress, and any relevant documentation about the events of December 9, 2019.

5. **Informal Disclosures:**

   Plaintiff will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on December 19, 2024 . On January 15, 2025, Plaintiff will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

   Defendants will disclose the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on December 19, 2024. On January 15, 2025, Defendants will produce an initial set of relevant documents identified in their Initial Disclosures and will continue to supplement their production.

6. **Discovery Plan:**

   The parties jointly propose to the Court the following discovery plan:

   A. All fact discovery must be completed by May 16, 2025. Within **one week** of the close of fact discovery, that is May 23, 2025, the parties must file a joint letter on the docket certifying that fact is discovery is complete.

   B. The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Figueredo's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

      i.   Depositions: Depositions shall be completed by March 28, 2025, and limited to no more than two depositions per party. Absent an agreement between the

  parties or an order from the Court, non-party depositions shall follow initial party depositions.

 ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>December 19, 2024</u>. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

 iii. <u>Requests for Admission</u>: Requests for admission must be served on or before <u>February 15, 2025</u>, and in any event no later than 30 days before the fact discovery deadline.

 iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>December 19, 2024</u> and responses shall be due on <u>January 30, 2025</u>. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

 v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7. **Anticipated Discovery Disputes**: Describe any anticipated discovery disputes or proposed limitations on discovery.

<u>There are no anticipated discovery disputes</u>.

8. **Amendments to Pleadings**:

 a. Does any party anticipate amending the pleadings? <u>No.</u>

 b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is <u>December 10, 2024</u>. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

00884188

9. **Expert Witness Disclosures**:

    a. Does any party anticipate utilizing experts? No.

    b. Expert discovery shall be completed by _____N/A_____. Within **one week** of the close of expert discovery, that is _____N/A_____, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

10. **Electronic Discovery and Preservation of Documents and Information**:

    a. Have the parties discussed discovery of electronically stored information (ESI)? No.

    b. Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by December 19, 2025.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference? No.

11. **Early Settlement or Resolution**: The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than __N/A__. The following information is needed before settlement can be discussed: N/A

12. **Trial**:

    a. The parties anticipate that this case will be ready for trial by July 15, 2025.

    b. The parties anticipate that the trial of this case will require 2 days.

    c. The parties **do**/do not (circle one) consent to a trial before a Magistrate Judge at this time.

    d. The parties request a jury/**bench** (circle one) trial.

00884188

13. **Other Matters**:

None.

          DAVIDOFF HUTCHER & CITRON LLP

          By: */s/ Benjamin Noren*
                Benjamin S. Noren
          605 Third Avenue – 34th Floor
          New York, New York 10158
          (212) 557-7200
          *Attorneys for Defendants*

Dated          New York, New York
                    _____, 2024

          SO ORDERED.

          _____
          VALERIE FIGUEREDO
          United States Magistrate Judge

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: 11-20-2024

The Court adopts Defendants' Proposed Case Management Plan. See ECF No. 42. The Clerk of Court is directed to terminate the motion at ECF No. 36.

00884188