UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JONATHAN NATHANIEL MURRAY,

                              **Plaintiff,**                    23-CV-06610 (JPO) (VF)

          -against-                                **ORDER**

**BRAG SALES INC. et al.,**
                              **Defendants.**

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      By motion dated June 17, 2025, Plaintiff requested that the Court appoint him *pro bono* counsel. ECF No. 54. For the reasons set forth below, the motion is **DENIED** without prejudice to renew at a later date in the proceedings.

## LEGAL STANDARD

      The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to

preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance," which is "a requirement that must be taken seriously." Id. at 60-61. If these threshold requirements are met, a court will next consider such factors as: the indigent litigant's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent litigant's ability to present the case, the complexity of the legal issues, and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Id.; see also Cooper, 877 F.2d at 172-74 (listing factors that courts should consider in ruling on a motion for *pro bono* counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

In his complaint, Plaintiff asserts claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), alleging that his employment was terminated by Defendants because of disability and race. ECF No. 1 at 6-7. On August 27, 2024, the Honorable J. Paul Oetken granted in part and denied in

part Defendants' motion to dismiss the complaint, allowing Plaintiff's ADA, Title VII, Section 1981, and NYSHRL claims to survive. ECF No. 28 at 1. On November 21, 2024, Defendants served Plaintiff with Defendants' Initial Disclosures, First Request for Documents, First Set of Interrogatories, and a Deposition Notice. See ECF No. 60 at 1. Despite multiple conferences to address the discovery requests, Plaintiff has not responded to Defendants' First Set of Interrogatories. Additionally, although Plaintiff claims that he responded to Defendants' First Request for Documents by pointing to his filing at ECF No. 57, that filing contains only one document—an "after visit summary" from a NYC Health and Hospitals facility—that does not adequately respond to all of Defendants' document requests.

      Turning to the factors to consider in determining whether to appoint *pro bono* counsel, Plaintiff had claims survive a motion to dismiss (ECF No. 28), and Plaintiff was granted IFP status (ECF Nos. 2, 4). Plaintiff, however, has not demonstrated that he will be unable to gather the facts and deal with the issues in this case without the assistance of an attorney. See Jimenez-Fogarty v. Fogarty, No. 24-CV-8705 (JLR), 2024 WL 5108429, at *2 (S.D.N.Y. Dec. 13, 2024) (denying request for *pro bono* counsel where the court could not "make a finding that Plaintiff's claims will require substantial financial investigation," or "that the legal issues presented are complex") (internal quotation marks omitted); Jagnanan v. Moey, Inc., No. 23-CV-7299 (AT) (JW), 2024 WL 1540227, at *2 (S.D.N.Y. Mar. 4, 2024) (denying request for *pro bono* counsel and noting that "[t]he legal issues at play are not especially complex and the Court has no information about Plaintiff's ability to investigate crucial facts"). Plaintiff also has not explained what efforts he has engaged in to obtain a lawyer, other than his vague assertion that he has "called every lawyer in NYC," and "they don't want to take [his] case." See ECF No. 54 at 2. At this juncture, it is not apparent that the appointment of pro bono counsel will lead to a more

efficient resolution of this case. Jagnanan, 2024 WL 1540227, at *2 (noting that there was no "other special reason why appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for *pro bono* counsel at this juncture is denied without prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 54.

**SO ORDERED.**

DATED:   October 28, 2025
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge