**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JONATHAN NATHANIEL MURRAY,

Plaintiff,

-against-

BRAG SALES, INC. et al.,

Defendants.
---------------------------------------------------------------X

**23-CV-6610 (JPO) (VF)**

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

Plaintiff Jonathan Nathaniel Murray ("Plaintiff") commenced this case on July 28, 2023, alleging race and disability discrimination claims. ECF No. 1. Pending before the Court is a motion for sanctions filed by Defendants Brag Sales, Inc. and Bradley J. Gruber (collectively, "Defendants") under Federal Rule of Civil Procedure 37. Defendants seek dismissal of Plaintiff's case as a sanction for his failure to engage in discovery. See ECF No. 68. For the reasons stated herein, Defendants' motion is denied without prejudice.

## BACKGROUND[1]

In his complaint, Plaintiff alleges that he was discriminated against because of his race and disability, in violation of Title VII of the Civil Rights Act of 1964, and the Americans with Disability Act of 1990. ECF No. 1 at 3-4.[2] Plaintiff also asserts claims for employment discrimination under the New York State and New York City Human Rights Laws. Id. at 4. It appears that Plaintiff, who is diabetic, was employed by Defendant Brag Sales, Inc., and Plaintiff

[1] Only the factual and procedural background relevant to Defendants' motion is recounted herein.

[2] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

was terminated from his employment on December 9, 2019, following an altercation with "Carlos." Id. at 1, 3-4; ECF No. 1-1 at 1, 3.

On November 20, 2024, the Court adopted the parties' Proposed Case Management Plan, setting a fact discovery deadline of May 16, 2025. ECF No. 44 at 3, 6.

On November 21, 2024, Defendants served Plaintiff via e-mail and Federal Express with Defendants' First Request for Documents, First Set of Interrogatories, and a Deposition Notice. ECF No. 68-3. On May 16, 2025, Plaintiff filed a notice of motion for "Jury tr[ia]l, find defendant guilty" (ECF No. 49 at 1) and attached 21 exhibits to his motion, including letter and e-mail correspondence with the Equal Employment Opportunity Commission ("EEOC"), text message conversations, a letter from Elmhurst Hospital Center, and several of Defendants' prior filings in this action (see ECF Nos. 49, 49-1, 49-2 49-3, 49-4, 49-5, 49-6, 49-7, 49-8).[3] That compilation of documents includes a text message dated December 11, 2019, from a contact named "Brad," which states: "Hey Jonathan. Please give me a call when you have a chance. Want to discuss what happened w Carlos." ECF No. 49-8 at 1. The complaint states that on December 11, 2019, "Bradley Gruber texted saying he wanted to speak." ECF No. 1-1 at 1. It

[3] Plaintiff also provided a list describing each of the 21 exhibits as follows: "Exhibit 1: plaintiff email"; "Exhibit 2: plaintiff email"; "Exhibit 3: defendants' email to eeoc"; "Exhibit 4: eeoc determination"; "Exhibit 5: pursuant letter of determination"; "Exhibit 6: proof plaintiff was in the hospital 10/15/2019"; "Exhibit 7: proof nurse at Elmhurst hospital faxed doctors note"; "Exhibit 8: defendants' statement to the eeoc investigator"; "Exhibit 9: plaintiff's text with coworker Pete Montenegro"; "Exhibit 10: plaintiff's text with coworker Pete Montenegro"; "Exhibit 11: plaintiff text with Carlos Trastoy the manager"; "Exhibit 12: plaintiff text with coworker at groundworks operation"; "Exhibit 13: plaintiff text with co worker at ground works operations"; "Exhibit 14: Plaintiff's text with Carlos Trastoy the manager"; "Exhibit 15: plaintiff's text with the manager Carlos Trastoy"; "Exhibit 16: plaintiff text with Bradley Gruber the owner"; "Exhibit 17: uneeda enterprises handbook"; "Exhibit 18: Krista Jolivette eeoc investigator witness interview questions"; "Exhibit 19: defendants try to get the case dismissed"; "Exhibit 20: defendants try to get the case dismissed"; and "Exhibit 21: proof plaintiff lived in New York city at the time of employment." ECF No. 49-4 at 3.

appears that the text message filed at ECF No. 49-8 is the text message referenced by Plaintiff in his complaint.

Plaintiff did not send Defendants any responses to their discovery requests. See ECF No. 69 at 5-6. After Plaintiff failed to provide responses to those requests by the fact discovery deadline, the Court held a conference on June 9, 2025. See ECF No. 80. At that conference, the Court explained to Plaintiff that he "can't just not respond" to Defendants' discovery requests (id. at 9) and that if he "do[es]n't respond and do[es]n't provide . . . information that [Defendants are] seeking, they can move to essentially . . . get a judgment" (id. at 3). Following the conference, the Court ordered Plaintiff to respond to the discovery requests by July 9, 2025, and extended the fact discovery deadline to September 30, 2025. ECF No. 53. On June 28, 2025, Plaintiff filed his "answer to document request[s]" on the docket. See ECF No. 57. The lone document provided by Plaintiff in response to Defendants' document requests is an "after visit summary" from a clinic visit that occurred on December 18, 2020. Id. at 2-4. That document indicates that Plaintiff takes "insulin lispro" and that Plaintiff was seen at the clinic for "Type 2 diabetes." Id. at 2.

The Court held another conference on October 17, 2025. See ECF No. 86. During that conference, Plaintiff indicated that the document he filed at ECF No. 57 was the entirety of his response to Defendant's document requests. See id. at 6-9; ECF No. 64. By the conference on October 17, Plaintiff had not yet provided responses to Defendant's interrogatories and thus the Court entered an order directing Plaintiff to respond to the interrogatories by November 19, 2025. Id. Although Plaintiff did not provide a response by November 19, on November 25, 2025, Plaintiff filed on the docket responses to Defendants' interrogatories. See ECF No. 70.

On June 18, 2026, the Court held another conference with the parties to address Defendants' motion for sanctions. See ECF No. 82. At that conference, the Court explained to Plaintiff that Defendants' Rule 37 motion "says that because you haven't complied with your discovery obligations . . . [Defendants are] seeking as a penalty for that failure to engage in discovery, dismissal of the case." Id. at 2-3. In response, Plaintiff indicated that he had filed additional documents, responsive to Defendants' requests for discovery, on the docket. Id. at 7, 9, 12, 15. Plaintiff also repeatedly indicated during the conference that he had responded to Defendants' requests. Id. at 6-12, 14. The Court directed Plaintiff to resend to the Court the documents he was referencing by June 24, 2026 (id. at 12), and the Court confirmed Plaintiff's understanding that if Plaintiff did not provide "additional discovery that's responsive to [Defendants'] demands," Defendants may argue "that you failed to prosecute this case because you haven't completely fulfilled your discovery obligations" (id. at 16).

On June 23, 2026, Plaintiff sent his opposition to Defendants' motion to dismiss (see ECF No. 19) and the accompanying exhibits by e-mail to the Court, which Plaintiff had previously filed on the docket on December 6, 2023 (see ECF No. 23). On June 24, 2026, Plaintiff sent the Court by e-mail his complaint as originally filed at ECF Nos. 1 and 1-1 on July 28, 2023. After reviewing the docket, the Court has determined that the compilation of documents filed at ECF No. 23 includes all but one of the documents that Plaintiff included in his filings at ECF Nos. 49, 49-1, 49-2 49-3, 49-4, 49-5, 49-6, 49-7, 49-8.[4] See supra note 3. Although Plaintiff has provided some discovery, the responses to the document requests (including the documents filed at ECF Nos. 23, 49, 49-1, 49-2 49-3, 49-4, 49-5, 49-6, 49-7, 49-8) and the responses to the

[4] The document that is missing from the filing at ECF No. 23 is a photocopy of Plaintiff's driver's license, which Plaintiff labeled "Exhibit 21." See ECF No. 49-4 at 2.

interrogatories are minimal, at best, and fail to provide relevant information that Plaintiff should have in his possession.

For example, beginning with the interrogatories, Defendants asked Plaintiff to identify every medical doctor who he has seen for the five years prior to December 2019. ECF No. 68-3 at Interrogatory No. 3. Although this is information within Plaintiff's possession, Plaintiff's response to this interrogatory was "names on paperwork as evidence." ECF No. 70 at 2. It is not clear what "evidence" Plaintiff refers to. The Court identified one pre-December 2019 document that Plaintiff has filed on the docket that includes a doctor's name on it, but the document is dated October 17, 2019, and the Court cannot discern whether this is the only doctor who treated Plaintiff in the five years prior to December 2019. See ECF No. 49-3 at 6. Likewise, Defendants asked Plaintiff to identify every medical doctor who has seen Plaintiff or treated Plaintiff since December 2019 (ECF No. 68-3 at Interrogatory No. 6), and Plaintiff similarly responded "name is on paperwork sent" (ECF No. 70 at 2). The Court is unable to determine what name Plaintiff is referring to. Plaintiff provided one after-visit summary from December 2020 that includes a doctor's name, but it is not clear if this is the only doctor Plaintiff has seen since December 2019. See ECF No. 57 at 2. Defendants also asked Plaintiff to identify all employers Plaintiff has had in the five years prior to December 2018 and since December 2019, and if currently employed, to identify when that employment began and the rate of pay. ECF No. 68-3 at Interrogatory Nos. 10-11. In response, Plaintiff provided the following answer: "express employment," "Elwood staffing," and "People ready[-]day labor." ECF No. 70 at 2. Even if those names are complete (which is not apparent either), Plaintiff does not provide an address for the employer, the dates of employment, and he does not indicate whether any of those entities are his current employer.

Turning to Defendants' document requests, Defendants also asked Plaintiff to produce documents relating to Plaintiff's diagnosis of, and treatment for, diabetes, and Plaintiff's communications with Defendants informing Defendants that Plaintiff is diabetic. ECF No. 68-3 at RFPs[5] ¶¶ 4-5. Although Defendant produced the after-visit summary from December 2020 (ECF No. 57), that clinic visit occurred after Plaintiff's termination in December 2019, and Plaintiff provided no other medical records or documents indicating when he was diagnosed with diabetes. Plaintiff also has not provided any communications with Defendants indicating that Plaintiff told Defendants about his diabetes.

On November 25, 2025, Defendants filed their motion for sanctions under Rule 37. ECF No. 68. On January 11, 2026, Plaintiff filed a declaration which the Court construes as an opposition to the sanctions motion. ECF No. 74. In that declaration, Plaintiff argues that he has "presented numerous documents that prove[ ] [D]efendants have lied" and that he is "ready for trial." Id. at 2. Defendants filed a reply in further support of their motion on January 13, 2026. ECF No. 75.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, a court may dismiss an action where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit has identified "[s]everal factors [that] may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37[, including:] (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had

[5] Cites to "RFPs" refer to Defendants' requests for production of documents. See ECF No. 68-3 at 6-11.

been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009) (citations omitted).

However, "[d]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances. The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the [party]." Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986) (internal quotation marks and citations omitted). Dismissal pursuant to Rule 37 is appropriate "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). "[T]he severe sanction of [Rule 37] dismissal with prejudice may be imposed even against a plaintiff proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal." Dove v. City of New York, No. 06-CV-1096 (SAS), 2006 WL 3802267, at *2 (S.D.N.Y. Dec. 26, 2006) (citation omitted).

**DISCUSSION**

Defendants contend that dismissal is appropriate because Plaintiff has failed to respond to discovery requests, and in doing so, has violated court orders directing him to provide responses. Defendants aver that Plaintiff has "willingly disobeyed every single discovery order issued by this Court" and has "not taken any effort to respond to Defendants' Discovery Demands." ECF No. 69 at 8. For the reasons explained here, a weighing of the relevant factors counsel against imposing the harsh sanction of dismissal at this stage and instead affording Plaintiff one more opportunity to participate in discovery. Should Plaintiff fail to comply with the obligations

outlined herein, the Court warns Plaintiff that it will recommend that the District Judge dismiss his case as a sanction for noncompliance.

"Although *pro se* plaintiffs do in fact often frustrate the processes of litigation, dismissal is justified only when they do so deliberately, not when they do so through misunderstanding." Rivera v. Simmons, 116 F.R.D. 593, 595 (S.D.N.Y. 1987) (internal quotation marks, citations, and alterations omitted). Here, it is not evident that Plaintiff's conduct has been sufficiently willful to warrant dismissal.

Plaintiff is *pro se*. He has repeatedly claimed that he has provided the "evidence" that supports his claims. See, e.g., ECF No. 70 at 2; ECF No. 82 at 6-12, 14; ECF No. 86 at 6-9; see also ECF No. 74 at 2. And although untimely and bare bones, Plaintiff has provided responses to some of Defendants' document requests and interrogatories. See ECF Nos. 57, 70. Plaintiff also provided additional documents that he contends support his claims. See ECF Nos. 23, 49, 49-1, 49-2 49-3, 49-4, 49-5, 49-6, 49-7, 49-8. For example, Plaintiff produced certain text messages, including what appears to be the text message with Mr. Gruber that is referenced in the complaint. See ECF No. 49-8 at 1. The text messages are responsive to several of Defendants' requests for documents. See ECF No. 68-3 at RFPs ¶¶ 1-3, 9. Defendants also asked for all documents relating to Plaintiff's diagnosis and treatment of diabetes. Id. at RFPs ¶ 4. Plaintiff has produced only a note from a hospital confirming that he was admitted to the hospital in October of 2019, along with an after-visit summary from December of 2020, one year after his termination. ECF No. 49-3 at 6; ECF No. 57 at 2-4.

Defendants also asked Plaintiff to produce all documents and communications informing Defendants of Plaintiff's diabetes diagnosis. ECF No. 68-3 at RFPs ¶ 5. In response, Plaintiff has produced an October 2019 text message exchange with a contact named "Pete" informing Pete

that Plaintiff had seen a doctor and that Plaintiff's blood pressure was "crazy high" (ECF No. 49-1 at 1), as well as a December 2019 text message exchange indicating that a contact named "Brad"—presumably Mr. Gruber—was aware of Plaintiff's then-recent hospital stay (ECF No. 49-8 at 1). These text messages do not mention diabetes, however. Additionally, Defendants have asked Plaintiff to produce all documents concerning Plaintiff's meeting with Carlos Trastoy on December 9, 2019. ECF No. 68-3 at RFPs ¶ 8. Plaintiff has produced one text message that mentions the interaction with Mr. Trastoy, as well as the record of an interview between the EEOC and a coworker discussing the matter. ECF No. 49-8 at 1; ECF No. 49-6.

Defendants have asked Plaintiff for all documents and communications provided by, or received by, Plaintiff during his discussions with the EEOC. ECF No. 68-3 at RFPs ¶¶ 10-11. Plaintiff has produced two e-mails he received from the EEOC, two letters sent by the EEOC, and three communications sent by Defendants to the EEOC. ECF No. 49 at 5-6; ECF No. 49-2 at 2-5; ECF No. 49-3 at 1-5; ECF No. 49-5 at 1-5.

Additionally, it appears that Plaintiff has not responded to Defendants' deposition notice, which Defendants issued on November 21, 2024. See ECF No. 68-3 at 2, 12-13. And in a civil case, such as this one, "the defendant is entitled to take plaintiff's deposition." Pothen v. Stony Brook Univ., No. 13-CV-6170 (JFB) (AYS), 2017 WL 1437368, at *3 (E.D.N.Y. Apr. 21, 2017) (citing Fed. R. Civ. P. 30(a)(1)).

In short, this is not a circumstance where Plaintiff has failed to wholly comply with a Court order because Plaintiff provided no documents or responses to Defendants' requests. See Kikuts v. Baxter Healthcare Corp., No. 95-CV-5948 (HB), 2001 WL 128323, at *1 (S.D.N.Y. Feb. 14, 2001) (explaining that Rule 37 dismissal was appropriate under the circumstances where plaintiff "wil[l]fully failed to provide even a shred of discovery and [ ] failed to even attempt to

provide any justification for this failure"); Williams v. N.Y.C. Dep't of Corr., 219 F.R.D. 78, 81, 87 (S.D.N.Y. 2003) (denying reconsideration of Rule 37 dismissal of *pro se* plaintiff's claims where plaintiff did not produce "a single document" and "fail[ed] to provide answers to interrogatories"); cf. Davis v. Citibank, N.A., No. 12-CV-1678 (RWS), 2013 WL 866862, at *4 (S.D.N.Y. Mar. 8, 2013) (concluding that "[i]n consideration of Plaintiff's *pro se* status, and upon review of the record, the extreme sanction of [Rule 37] dismissal of this action is not appropriate at this time," even where there was "sufficient evidence that Plaintiff exhibit[ed] an apparent unwillingness to participate fully in the discovery process"); see also Smith v. Empire of America Realty Credit Corp., No. 94-CV-786 (JTE), 1999 WL 66690, at *3 (W.D.N.Y. Jan 11, 1999) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)) ("[W]hile the failures to appear at a deposition and to respond to a document request doubtless reflect a dilatory approach to litigation, they do not, without more, warrant the imposition of [Rule] 37's most severe sanction.").

Further, under Rule 37, "dismissal of a *pro se* litigant's action is not appropriate where the district court has not warned the *pro se* litigant that non-compliance may result in dismissal." Perez v. Yonkers Police Dep't, No. 09-CV-1132 (CS) (GAY), 2010 WL 1790116, at *1 (S.D.N.Y. Mar. 8, 2010), adopted by, 2010 WL 1790114 (S.D.N.Y. Apr. 30, 2010) (citing Agiwal, 555 F.3d at 302); see also Witt Jacobowitz v. Caregivers, Inc., 16 F. App'x 39, 42 (2d Cir. 2001) (explaining that Rule 37 dismissal may be imposed against a *pro se* "only if the district court warned the *pro se* plaintiff that any further noncompliance with the orders of the district court may result in sanctions, including dismissal of the action") (citation omitted); Dukes v. New York City Police Com'r Ward, 129 F.R.D. 478, 482 (S.D.N.Y. 1990) (dismissing *pro se* plaintiff's claims where plaintiff "was, on at least two occasions, given notice that his failure to

abide by orders of the Magistrate [Judge] could result in the imposition of sanction, including dismissal"); cf. Hammond v. Beth Israel Med. Ctr., No. 10-CV-93 (NRB), 2011 WL 5980952, at *4-5 (S.D.N.Y. Nov. 30, 2011) (concluding that "[t]he Court's warning to plaintiff in its March 10 letter—'If you are not compliant with your discovery obligations, you cannot possibly prevail'—and its prior verbal warning simply did not foreshadow the possibility of dismissal with sufficient clarity [to warrant dismissal]"). Although the Court previously warned Plaintiff of his discovery obligations, the Court has not explicitly and clearly warned Plaintiff that his failure to comply may result in dismissal. See ECF No. 53 (directing Plaintiff to comply with Defendants' discovery requests); ECF No. 64 (directing Plaintiff to comply with Defendants' discovery requests and warning "that it is [Plaintiff's] obligation to participate in discovery and respond to Defendants' discovery requests").

What's more, courts in this Circuit have repeatedly cautioned against dismissal of a *pro se* plaintiff's claims as a sanction. See Webb v. Bermudez, No. 92-CV-7305 (LAK) (RLE), 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (explaining that "[t]he sanction of dismissal . . . is a drastic penalty which should be imposed only in extreme circumstances" and that "dismissal against *pro se* litigants should be granted only when they *deliberately* frustrate the process, not when they do so through a misunderstanding") (internal quotation marks and citations omitted, emphasis added); Witt Jacobowitz, 16 F. App'x at 42 (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (per curiam)) ("Dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . , and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent."); Mount v. Artnews, No. 78-CV-2279 (WCC), 1980 WL 324463, at *6 (S.D.N.Y. Oct. 24, 1980) (explaining that the "principle" that "pro se litigants are afforded greater latitude in measuring compliance with procedural rules . . .

[u]ndoubtedly . . . mandates that courts be especially cautious in dismissing claims by pro se plaintiffs pursuant to Rule 37"); see also Washington v. City of N.Y. Dep't of Corr., No. 08-CV-5978 (SAS), 2010 WL 3199680, at *2 (S.D.N.Y. Aug. 12, 2010) (explaining that "courts should be especially reluctant to dismiss for failure to prosecute where the plaintiff is acting or appearing pro se") (citation omitted); Vazquez v. Davis, No. 12-CV-7630 (ER), 2014 WL 5089457, at *4 (S.D.N.Y. Sept. 19, 2014) ("The Second Circuit has cautioned that dismissal of a pro se complaint for failure to prosecute is a harsh remedy that should be utilized only in extreme situations.") (internal quotation marks and citations omitted). And, there is a strong preference to resolve claims on the merits, particularly when it involves a *pro se* litigant. See Bush v. Element Fin. Corp., No. 16-CV-1007 (RJS), 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016) ("It is true that Rule 37(b)(2) gives the Court discretion to prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. However, the Second Circuit strongly prefers resolution of cases on the merits.") (internal quotation marks, citations, and alterations omitted); Jones v. King, No. 10-CV-897 (PKC) (KNF), 2013 WL 815863, at *3 (S.D.N.Y. Mar. 4, 2013) (explaining that there is a "strong preference that district courts resolve cases on the merits"); Duren v. Raymond, No. 12-CV-298 (SJF) (WOW), 2012 WL 373350, at *2 (E.D.N.Y. Feb. 2, 2012) (noting "the Second Circuit's preference that *pro se* cases be adjudicated on the merits").

For these reasons, the Court will give Plaintiff one final opportunity to fully engage in discovery and provide adequate responses to Defendants' document requests and interrogatories. See Rivera, 116 F.R.D. at 596 (providing plaintiff, "[i]n view of his *pro se* status," a "final opportunity to comply with the Court's prior orders regarding defendants' interrogatories"). As to Defendants' interrogatories, Plaintiff must provide Defendants with a list of the medical doctors

he has seen from December 2014 through the present. See ECF No. 68-3 at Interrogatory Nos. 3, 6. The list must include the full name of the physician and the address and telephone number of the physician. If the physician is associated with a hospital or clinic, Plaintiff can provide the name of the hospital or clinic, if Plaintiff does not have the physician's name and telephone number. This list should also include any mental-health providers, psychiatrists, psychologists, or social workers that Plaintiff has seen during that period of time. Plaintiff must also provide a complete list of all employers he has had in the five years prior to December 2018 and since December 2019. See id. at Interrogatory Nos. 10-11. The list should include the employer's complete name, the dates of employment, and the address of the employer. All of this is information that Plaintiff should have and must share with Defendants given the nature of his claims here.

Additionally, Plaintiff must provide Defendants with a list of any medical facility, including hospitals and clinics, that Plaintiff has been treated in from December 2014 through the present. See id. at Interrogatory Nos. 4, 7. The list should include the name of the facility, the address of the facility, and the date(s) when Plaintiff was seen at the facility. If Plaintiff has received any unemployment benefits, worker's compensation benefits, or public-assistance benefits since his termination in December 2019, Plaintiff must identify the amount of money received and the period of time during which he received the money. See id. at Interrogatory Nos. 12-14.

Plaintiff's production is also completely unresponsive to many of Defendants' document requests and must be supplemented as explained herein. For example, Defendants have asked Plaintiff to produce documents concerning Defendants' alleged animus towards African Americans. Id. at RFPs ¶ 7. If Plaintiff has any e-mails, text messages, documents, or other

material that shows that Defendants retaliated against Plaintiff in any way or terminated his employment because of his race, Plaintiff must produce that evidence to Defendants.

Defendants have also asked Plaintiff to produce documents and recordings concerning any complaints or allegations of retaliation made by Plaintiff (id. at RFPs ¶¶ 12, 13, 18), as well as documents concerning Plaintiff's work performance, raises, and promotions (id. at RFPs ¶ 6). If Plaintiff has any performance reviews, evaluations conducted during the course of his employment, or other documents showing either a raise, promotion, or other disciplinary action by Defendants, Plaintiff should produce that evidence. If Plaintiff made any complaints to Defendants concerning his allegation of retaliation or race discrimination, Plaintiff should produce whatever documentation he has that shows that he made a complaint and to whom he made the complaint. If Plaintiff has any documents (including e-mails, voicemails, and/or text messages) where he voiced a concern or complaint about any action taken against him by Defendants, Plaintiff should produce that evidence to Defendants.

Defendants have also asked Plaintiff for any documents evidencing Plaintiff's employment or his attempts to find employment following his time at Brag Sales. Id. at RFPs ¶ 14. If Plaintiff has any job applications, offer letters, pay stubs, text messages, e-mails, or other documents or communications that demonstrate that he has applied for employment and/or received employment after Brag Sales, Plaintiff should produce that evidence to Defendants. This could include, for example, e-mails applying for a position, the application for employment, any communications with a potential employer about an employment opportunity, letters indicating that Plaintiff has been hired by an employer, and/or pay stubs from a current or past employer.

Defendants also asked Plaintiff for all documents and communications provided by Plaintiff, or received by Plaintiff, during his discussions with the EEOC. Id. at RFPs ¶¶ 10-11. Plaintiff has not produced any communications that he sent to the EEOC. Plaintiff must produce any letters or e-mail communications with the EEOC. Additionally, Plaintiff must produce any documents or communications (including text messages or e-mails) that would show that Plaintiff informed Defendants that he has diabetes. Plaintiff must also produce any medical records or other documents that he has that show that he has been diagnosed with diabetes, when that diagnosis occurred, and any past or current treatment for diabetes. Id. at RFPs ¶¶ 4-5.

Without a doubt, Plaintiff's discovery responses are severely deficient. It is Plaintiff's obligation to produce evidence that he believes support his claims of employment and disability discrimination and to comply with Defendants' reasonable discovery requests for such information. Although Plaintiff believes he has sufficiently complied with Defendants' discovery requests, he has not. "The Court is mindful that Plaintiff may not possess the same amount of expertise in the legal field as Defendant[s]; however, that does not relieve Plaintiff of his duty to comply with the applicable rules." Pothen, 2017 WL 1437368, at *3. The Court is giving Plaintiff one final chance to comply with his discovery obligations. **Plaintiff must provide the information outlined herein to Defendants by September 11, 2026. Plaintiff must also make himself available for a deposition by defense counsel, at a date and time that is mutually agreeable, and the deposition must occur by October 13, 2026. Plaintiff is hereby warned that the failure to provide complete information to the interrogatories and document requests discussed herein and the failure to sit for the deposition will result in a recommendation that Plaintiff's case be dismissed as a sanction. This means that the Court will recommend that the District Judge dismiss Plaintiff's case in its entirety and there will**

**be no trial of Plaintiff's claims.** If Plaintiff fully cooperates and the case continues to trial, Plaintiff is placed on notice that any lack of cooperation in the future will similarly be the subject of sanctions, including the possibility of dismissal.

## CONCLUSION

Defendants' motion is denied without prejudice. If Plaintiff fails to comply with this order, Defendants' motion will be granted and the Court will recommend that the District Judge dismiss Plaintiff's complaint. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 68.

**SO ORDERED.**

DATED: New York, New York
August 11, 2026

VALERIE FIGUEREDO
United States Magistrate Judge